AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CHARLES A. KRUMWIEDE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3003 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| BRIGHTON ASSOCIATES, L.L.C., | ) | |
| and ISMAEL C. REYES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant and Counterclaimant, Brighton Associates, L.L.C., moves this Court, pursuant to this Court's Memorandum Opinion and Order of May 8, 2006, to grant Brighton's Petition for Costs and Fees, and award Brighton attorneys' fees, costs and expenses in the amount of $112,796.30. Brighton also moves this Court to enter a separate partial final judgment in favor of Brighton and against Plaintiff, Charles A. Krumwiede, in the amount of $112,796.30, plus post-judgment interest. (Brighton's Br. at 14.) Krumwiede requests that this Court deny Brighton's Petition for Costs and Fees or, in the alternative, reduce the award substantially. Krumwiede also opposes the entering of a separate partial final judgment with regard to the costs and fees award. For the reasons that follow, Brighton's Petition for Costs and Fees is granted in part and denied in part and Brighton's motion for a separate partial final judgment is granted.

## I. Background

On May 8, 2006, this Court granted Brighton's Motion for an Award of Sanctions and Related Relief ("Sanctions Motion") against Krumwiede. As a sanction for Krumwiede's willful and bad faith spoliation of evidence, this Court awarded a default judgment in favor of Brighton on Counts I, II, III, and IV of Brighton's First Amended Counterclaim against Krumwiede. (Mem. Op. and Order, May 8, 2006, at 22-23.) This Court further awarded Brighton its costs and fees relating to the Sanctions Motion under Rule 37(b)(2) and 37(c)(1) of the Federal Rules of Civil Procedure and directed Brighton to submit proof of its attorneys' fees, expert witness's fees, and costs. (Id.) Brighton filed its Petition for Costs and Fees on June 7, 2006. (Dkt. No. 122.)

## II. Discussion

### A. Petition for Costs and Fees

#### 1. Reasonableness of Hours

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party petitioning for its fees bears the burden of documenting the appropriate hours expended and the hourly rates, *id.* at 437, and must not include hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434. The reasonableness of the requested hours and fees varies in every case, often in direct proportion to the ferocity of an adversaries handling of the case. *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir. 1998).

Brighton's Petition for Costs and Fees includes detailed billing records from attorneys Matthew F. Prewitt and Gregory E. Ostfeld, and legal assistant Susan C. Braverman. (Brighton's Br., Ex. 2.) The hours billed by Mr. Prewitt, Mr. Ostfeld, and Ms. Braverman include: (1) investigation, research, and drafting of each filing in connection with the Sanctions Motion; (2) written and oral discovery in connection with the Sanctions Motion; (3) preparation for and attendance at each hearing relating to the Sanctions Motion; and (4) post-hearing activities and filings, including responding to Krumwiede's post-hearing motions and preparation of the instant petition. The total number of hours reported by Brighton comes to 199.2 hours of attorneys' work and 12.4 hours of legal assistant's work. Brighton breaks down these numbers as follows: (1) Mr. Prewitt worked 38.5 hours in 2005 and 103.4 hours in 2006; (2) Mr. Ostfeld worked 11.5 hours in 2005 and 45.8 hours in 2006; and (3) Ms. Braverman worked 12.4 hours in 2006. (Id.)

Krumwiede objects to Brighton's Petition for Costs and Fees and argues that it is unreasonable to spend approximately 200 hours of attorneys' time to prepare one motion, one reply brief, and attend one half-day court hearing. Specifically, Krumwiede claims that: (1) Brighton's request for 43.1 hours of attorneys' work to prepare Brighton's Sanctions Motion and a reply brief is excessive, unreasonable, and reflects redundant work being performed by Mr. Prewitt and Mr. Ostfeld; (2) Brighton's decision to spend 50.5 hours of attorneys' time to prepare for one half-day court hearing on Brighton's Sanctions Motion was unreasonable; (3) Brighton's decision to spend over thirteen hours preparing its Petition for Costs and Fees was unreasonable; and (4) Forensicon's expert witness fees are grossly inflated and should be

reduced, especially those fees charged after the March 16, 2006 evidentiary hearing concluded. (Krumwiede's Br. at 1-4.)[1]

The Court is not persuaded by Krumwiede's suggestion that Brighton's Petition for Costs and Fees is unreasonable on its face. While Brighton's attorneys did spend a lot of time drafting briefs and preparing for the March 16, 2006 evidentiary hearing, in light of the fact that the evidentiary hearing amounted to a bench trial—a bench trial that Brighton won, securing default judgments on all of its claims—the significance of their time spent and objectives accomplished cannot be overstated. Furthermore, as Brighton points out in its reply brief, Krumwiede's spoliation of computer data raised complex technical questions that required Brighton's counsel to obtain considerable technical expertise and perform in depth and thorough analyses of complicated, nonlegal matters. And as complex and important as this litigation was, Krumwiede made it all the more difficult for Brighton by engaging in obstructionist tactics, including (1) withholding Brighton's laptop computer despite court orders to produce it, (2) shipping his personal laptop computer to his employer STI, and (3) refusing to ask STI to produce his personal laptop computer for use in this case. As a direct result of Krumwiede's conduct, written and oral discovery was pursued, including depositions of Krumwiede and Forensicon's analyst, Scott Jones. Krumwiede also pursued a very aggressive litigation strategy after the March 16, 2006 evidentiary hearing by submitting motions to strike Forensicon's testimony, a late

---

[1] In his brief, Krumwiede also argues that Brighton should not be compensated for time spent inappropriately coaching Forensicon's analyst prior to the March 16, 2006 evidentiary hearing, and that Forensicon's fees should be reduced because it breached its contract to serve as a neutral third party expert. (Krumwiede's Br. at 3-4.) Having ruled on several occasions that Forensicon provided neutral evidence and testimony in this matter, the Court no longer entertains these challenges.

supplemental brief, and a motion to reconsider; all of which added to the costs and fees associated with this case. Finally, Krumwiede's claim that Mr. Prewitt and Mr. Ostfeld's work was redundant must fail because Krumwiede does not cite to any particular time entries or offer any support for the accusation. Because Brighton submits credible evidence in support of its Petition for Costs and Fees, the Court will not arbitrarily reduce the number of hours awarded for Brighton's work on this case.

Next, Krumwiede argues that it was unreasonable for Brighton to spend over thirteen hours preparing its Petition for Costs and Fees.[2] Brighton argues that, in light of the amount of time spent litigating the Sanctions Motion itself, the requested award for drafting the Petition of Costs and Fees is reasonable. Brighton also asks the Court to treat this request favorably because Brighton is not seeking an award for time spent on its reply brief in support of its petition, nor for time spent on July 31, 2006, arguing before the Court in support of its petition. (Oral Arg., July 31, 2006.)

Time spent preparing a petition for fees must be reasonable. In determining the reasonableness of the hours spent preparing a fee petition, the Seventh Circuit directs that a comparison should be made between the number of hours spent litigating the merits and the number of hours spent on the fee petition. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999). In *Ustrak v. Fairman*, the Seventh Circuit found that fifteen minutes

---

[2] In its brief, Brighton claims to have spent 16.9 hours preparing its Petition for Costs and Fees. (Brighton's Br. at 6, 8.) This figure is not consistent with Brighton's billing records attached to that brief at Exhibit 2, which show that Mr. Prewitt spent 4.5 hours (not 7.3 hours) on the Petition for Costs and Fees and Mr. Ostfeld spent 8.8 hours (not 9.6 hours) on the Petition for Costs and Fees. (Brighton's Br., Ex. 2.) Accordingly, the Court reduces Brighton's overall request for attorneys' fees by 3.6 hours and considers whether spending 13.3 hours preparing the Petition for Costs and Fees was reasonable.

spent preparing the fee petition for every hour spent litigating the merits was unreasonable, but allowed one-third that time. 851 F.2d 983, 988-89 (7th Cir. 1988). In this case, Brighton spent over 195 hours litigating the merits of a complicated and technical matter in a hotly contested lawsuit. Based on its brief and supporting exhibits, Brighton is seeking 13.3 hours for time spent preparing its Petition for Costs and Fees, which amounts to less than five minutes for every hour spent litigating the merits. In light of the holdings in *Ustrak* and *Spegon*, the Court finds Brighton's request reasonable and awards Brighton 13.3 hours for the instant petition.

Finally, Krumwiede argues that the 84.9 hours Forensicon and Scott Jones allegedly spent preparing the March 1, 2006 expert report and testifying at the March 16, 2006 evidentiary hearing include redundant and unnecessary work. Krumwiede is particularly offended by the number of hours Forensicon spent verifying its own work after the conclusion of the March 16, 2006 evidentiary hearing. (Oral Arg., July 31, 2006.) Krumwiede suggests that Forensicon's bill includes 19.5 hours of forensic analysis performed after the evidentiary hearing and, at the very least, all 19.5 of those hours should be excluded from Brighton's award. (Id.)

The Court agrees with Krumwiede that, with the exception of verifying the authenticity of certain exhibits submitted into evidence at the March 16, 2006 evidentiary hearing, any work performed by Forensicon after the evidentiary hearing—even if performed in anticipation of future litigation—was not required by this Court and should not be included in the instant petition. Having reviewed Forensicon's invoices, however, it appears that only 0.61 hours of Forensicon's 84.9 hours of work were performed after the evidentiary hearing. (Brighton's Br., Ex. 3.) That time is described in a March 17, 2006 entry as "[Scott Jones] communication with client via telephone," (id.), and appears to be consistent with the Court's request that Forensicon

authenticate certain pieces of evidence. Because Brighton provides evidence that supports all of Forensicon's fees, and because Krumwiede does not present any evidence of redundant or unnecessary work by Forensicon,[3] Brighton is entitled to recover costs and fees for 84.9 hours of work performed by Forensicon. Based on the evidence and briefs submitted, those 84.9 hours of work reflect 70.32 hours performing forensic analysis and 14.58 hours testifying at depositions and hearings. (Id.)

### 2. Reasonableness of Fees

Having determined the number of hours Brighton and Forensicon spent on this case, the Court must now determine the reasonableness of the hourly rates charged by Brighton's attorneys and by Forensicon. *Hensley*, 461 U.S. at 433. An attorney's reasonable hourly rate is determined based on the market rate for the services rendered. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). Brighton, as the fee applicant, has the initial burden to prove the market rate. *Spegon*, 175 F.3d at 554. Once Brighton provides the evidence establishing its market rate, the burden shifts to Krumwiede to demonstrate why a lower rate should be awarded. *Id.* at 554-55.

An attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate. *People Who Care*, 90 F.3d at 1310. In this case Brighton's attorneys provide their actual billing records to support their fee request. (Brighton's Br., Ex. 2.) Specifically, Brighton provides billing records establishing that (1) Mr. Prewitt's billing rate was $375.00 per

---

[3] The Court cannot find where, on earth, 19.5 hours were billed by Forensicon after the March 16, 2006 evidentiary hearing.

hour in 2005 and $410.00 per hour in 2006, and (2) Mr. Ostfeld's billing rate was $330.00 per hour in 2005 and $375.00 per hour in 2006. (Id.) Brighton also substantiates Ms. Braverman's rate of $175.00 per hour for legal assistant work. (Id.) These billing rates are the usual and customary billing rates charged by the Greenberg Traurig, LLP, law firm for the services of Mr. Prewitt, Mr. Ostfeld, and Ms. Braverman in commercial litigation matters, and are the rates actually charged to Brighton for their services in connection with the Sanctions Motion. (Brighton's Br., Ex. 1.) Furthermore, these rates are well within the range of hourly rates charged by other Chicago law firms of equivalent size. (Brighton's Br., Ex. 5.)

In his brief, Krumwiede makes general objections to the overall cost of litigating this case but does not present any evidence to demonstrate why a lower rate should be awarded. It follows that Brighton has carried its burden and is entitled to compensation for attorneys' fees and legal assistant's fees at the rates set out above.

Brighton is also entitled to recover the fees it paid to Forensicon. (Mem. Op. and Order, May 8, 2006, at 22.) As evidence of the fees that Brighton paid to Forensicon, Brighton submits copies of Forensicon's invoices to Brighton in connection with the Sanctions Motion. (Brighton's Br., Ex. 3.) These invoices establish that Brighton paid Forensicon $31,251.40 in connection with the Sanction Motion and that Scott Jones, Forensicon's primary billing professional, bills at a rate of $350.00 per hour for forensic analysis and $450.00 per hour for testimony. (Id.) Because Brighton and Krumwiede retained Forensicon jointly, (Mem. Op. and Order, May 8, 2006, at 6), and agreed to Forensicon's rates at that time, the Court has the logical right to find, and does find, that Forensicon's rates are reasonable. Furthermore, the fact that Forensicon bills clients at the rates set out above, and clients actually pay those rates, is strong evidence that these

fees meet market standards and are reasonable. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 520 (7th Cir. 1999).

### 3. Other Costs

Brighton seeks an award of $1,573.40 for the cost of transcripts of the depositions of Krumwiede and Scott Jones, as well as the transcripts of the March 16, 2006, and May 9, 2006, hearings. Brighton provides appropriate proof and invoices that these bills were charged to Brighton and paid by Brighton. (Brighton's Br., Ex. 4.) Per this Court's default judgment order, Brighton is entitled to its other costs and expenses under Rules 37(b)(2) and 37(c)(1) of the Federal Rules of Civil Procedure. Brighton is also entitled to these costs and expenses under Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Krumwiede does not challenge these costs or provide evidence suggesting they are inappropriate. Accordingly, the Court awards Brighton an additional $1,573.40 in costs.

### 4. Total Award

Based on the above, Brighton's total award of costs and fees includes: (1) $14,437.50 for Mr. Prewitt's 38.5 hours of work in 2005; (2) $41,246.00 for Mr. Prewitt's 100.6 hours of work in 2006; (3) $3,795.00 for Mr. Ostfeld's 11.5 hours of work in 2005; (4) $16,875.00 for Mr. Ostfeld's 45 hours of work in 2006; (5) $2,170.00 for Ms. Braverman's 12.4 hours of work in 2006; (6) $24,612.00 for Forensicon's 70.32 hours performing forensic analysis; (7) $6,561.00 for Forensicon's 14.58 hours testifying at depositions and hearings; (8) $78.40 for Forensicon's

taxicab fares and messenger services; and (9) $1,573.40 for Brighton's other costs. Thus, Brighton's total award amounts to $111,348.30.

### B.     Partial Final Judgment

Brighton moves this Court to enter a separate partial final judgment in favor of Brighton and against Krumwiede. As stated in open court on July 31, 2006, a party who is sanctioned for discovery violations does not have the luxury of continuing to litigate his case as though no wrongdoing occurred. For this reason, the Court enters a separate partial final judgment in favor of Brighton and against Krumwiede in the amount of $111,348.30, plus post-judgment interest.

### III. Conclusion

For the reasons stated above, Brighton's Petition for Costs and Fees is granted in part and denied in part and Brighton's motion to have this Court enter a separate partial final judgment in favor of Brighton and against Krumwiede is granted.

### ENTER ORDER:

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: August 9, 2006.

Copies have been mailed to:

| | |
|---|---|
| SCOTT P. ZOPPOTH, Esq.<br>BRYAN M. CASSIS, Esq.<br>Scott P. Zoppoth, PLLC<br>1800 Kentucky Home Life Building<br>239 South Fifth Street<br>Louisville, KY 40202<br><br>RONALD A. ORNER, Esq.<br>Ronald A. Orner & Associates<br>200 North LaSalle Street<br>Suite 1920<br>Chicago, IL 60601<br><br>Attorneys for Plaintiff | GREGORY E. OSTFELD, Esq.<br>MATTHEW F. PREWITT, Esq.<br>Greenberg Traurig, LLP<br>77 West Wacker Drive<br>Suite 2500<br>Chicago, IL 60601<br><br><br><br><br><br><br>Attorneys for Defendants |