IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES A. KRUMWIEDE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3003 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| BRIGHTON ASSOCIATES, L.L.C., | ) | |
| and ISMAEL C. REYES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of the Plaintiff, Charles A. Krumwiede, for the imposition of sanctions against the Defendant, Brighton Associates LLC, for disclosing certain documents in violation of a protective order entered on November 1, 2005. (Pl.'s Mem. at 1.) The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). For the reasons set forth below, this motion is denied.

### I. Background

Krumwiede seeks in this lawsuit to recover certain commission payments he alleges are owed to him by his former employer, Brighton. (Pl.'s Mem. at 1.) In order to protect against the disclosure of confidential or proprietary information, the parties entered a Confidential Stipulation and Protective Order on November 1, 2005. (Pl.'s Mem. at 2.) The protective order generally provides that any confidential discovery information or information for attorneys' eyes

only is to be used for purposes of this litigation only and for no other purpose. (Confidential Stipulation and Protective Order ¶¶ 4, 5.) The protective order allows one party to designate discovery material "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," and it provides a procedure whereby the non-producing party can challenge this designation. (Confidential Stipulation and Protective Order ¶¶ 2, 7.) Specifically, the protective order provides the following procedure:

> 7. An opposing party may challenge a party's designation of information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by written notice to counsel for that party within fifteen (15) days after receipt of the "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" designations. Counsel for the party or Discovery Respondent whose designation has been challenged shall have fifteen (15) days after receipt of such notice to apply to the Court for a Protective Order. . . . In the event the party's counsel fails to do so in a timely fashion, such Confidential Material shall no longer be considered "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under the terms of this Stipulation and Order.

(Confidential Stipulation and Protective Order ¶ 7.)

On April 17, 2006, Brighton filed an arbitration claim with the American Arbitration Association against Malcom LLC and George Benevento. (Pl.'s Mem. at 3; Def.'s Supplemental Mem. ¶ 1.) In connection with this arbitration, Brighton attached as exhibits several documents that were produced in discovery in this case, and which Krumwiede argues are covered by the protective order. (Def.'s Supplemental Mem. ¶ 1.) Included in these exhibits were four collections of documents obtained from Strategic Technologies, Inc. ("STI"), Krumwiede's current employer (the "STI Documents"). (Def.'s Supplemental Mem. ¶ 2; Pl.'s Mem. at 3-4.) The STI Documents were Bates stamped STI-000184; STI-000230 to 232; STI-000185, 198 to 202; and STI-000186 to 197. (Pl.'s Mem. Ex. 3.)

Brighton also attached as exhibits in its arbitration claim four documents obtained from Krumwiede's laptop computer (the "Laptop Documents"). (Pl.'s Mem. at 4; Def.'s Supplemental Mem. ¶3.) Pursuant to a stipulation before Judge Rebecca Pallmeyer on September 16, 2005, the laptop had been sent to an independent expert, Forensicon, in order to retrieve files from the laptop. Under this stipulation, Brighton would have "full and unimpeded access," (Tr. of Proceedings, Sept. 16, 2005, at 6), to data loaded onto the computer prior to April 25, 2005, the date Krumwiede began employment with STI. (Tr. of Proceedings, Sept. 16, 2005, at 5-6; Def.'s Supplemental Mem. ¶6.) Under the stipulation, data loaded onto the computer after April 25, 2005, would be subject to the general discovery rules of the Federal Rules of Civil Procedure. (Tr. of Proceedings, Sept. 16, 2005, at 6.) All of the Laptop Documents at issue in this case predate April 25, 2005.

According to Krumwiede, Brighton's use of the STI Documents and the Laptop Documents violates the protective order, warranting this Court's issuing sanctions.

## II. Discussion

Krumwiede urges this Court to impose sanctions against Brighton. In order to impose civil contempt sanctions, this Court "must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Grove Fresh Distribs., Inc. v. John Labatt, LTD*, 299 F.3d 635, 642 (7th Cir. 2002) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999)). Put another way, "any sanction imposed by the court must be predicated on a violation of an explicit court order." *Lincoln Elec. Co.*, 188 F.3d at 738. The issue then becomes whether Brighton violated an explicit court order—namely

the protective order—by its use of the STI Documents (labeled K, L, M, and Q), the Laptop Documents (labeled I, J, O, and P), and one other allegedly confidential collection of documents (labeled N) in the arbitration proceeding.

### A.  STI Documents

#### 1.  Standing

Initially, Brighton defends this motion by arguing that Krumwiede does not have standing to claim that the STI Documents are confidential under the terms of the protective order. (Def.'s Mem. at 3-5.) A party must show that it has standing to assert a claim of confidentiality or privilege belonging to a third party. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 427-28 (N.D. Ill. 2006); *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2003 WL 2005233, at *2-*3 (N.D. Ill. Apr. 30, 2003) (party lacked standing to argue that a witness's testimony would violate that witness's former employer's confidentiality regulation); *Burton Mech. Contractors v. Foreman*, 148 F.R.D. 230, 234 (N.D. Ind. 1992) ("[T]here is no indication that [the challenging party] has standing in this action to assert the rights of [the discovery-producing third parties] with respect to the protection of their proprietary or confidential business information."). The materials at issue belong to STI and had been stamped "CONFIDENTIAL" by STI, as can be seen from the Bates numbers. The confidential information contained in the documents belongs to STI, and thus any claim to confidentiality belongs to STI. Krumwiede has not demonstrated that he has standing to assert STI's confidentiality.

Because the documents in this case belong to STI and any claim of confidentiality belongs to STI, STI—not Krumwiede—must challenge Brighton's use of the STI Documents. STI can do this by moving to intervene in this case. *See, e.g., Burton Mech. Contractors*, 148 F.R.D. at 234 ("If [third parties] were concerned about confidentiality or interested in protecting their proprietary business information, they could have sought to intervene in this case."). Or, under paragraph 7 of the protective order, STI could have challenged Brighton's objection to STI's designation of the STI Documents as confidential. STI took neither of these routes, and it may not go through Krumwiede to vicariously attack Brighton's use of the STI Documents. Thus, Krumwiede lacks standing to challenge Brighton's use of the STI Documents in Brighton's arbitration proceedings.

2. Compliance With the Protective Order

Even assuming Krumwiede has standing to assert STI's claims of confidentiality, this motion for sanctions must fail. As indicated above, the protective order allows a producing party to designate discovery information "CONFIDENTIAL," (Confidential Stipulation and Protective Order ¶ 2); it allows the receiving party to object to that designation within fifteen days of receipt of the "CONFIDENTIAL" designation, (Confidential Stipulation and Protective Order ¶ 7); and it allows the producing party fifteen days after the receipt of the objection to the "CONFIDENTIAL" designation to apply to the Court for a protective order, *id.* The protective order explicitly states that if the producing party fails to timely apply to the Court for a protective order the material "shall no longer be considered 'CONFIDENTIAL.'" *Id.*

In this case, on November 16, 2005, STI produced documents including the four exhibits Brighton used in its arbitration proceeding. (Def.'s Mem. at 7.) These documents were all Bates stamped and marked as confidential. Brighton received these documents on November 17, 2005, and on November 18, 2005, Brighton sent STI a letter that challenged the confidentiality of these documents.[1] (Def.'s Mem. Ex. 1.) Brighton's letter was explicit: "These e-mails do not constitute confidential communications. . . . I intend to use certain of these documents as exhibits in a filing with the Court in [this action] or in a related action." *Id.* By this letter, Brighton "challenge[d] [STI's] designation of information as 'CONFIDENTIAL' or 'ATTORNEYS EYES ONLY' by written notice to counsel for that party within fifteen (15) days after receipt of the 'CONFIDENTIAL' or 'ATTORNEYS EYES ONLY' designations." (Confidential Stipulation and Protective Order ¶ 7.) Under the protective order, in order to retain the documents' confidential nature, STI was obligated to respond to Brighton's November 18 letter by applying to this Court for a protective order. It did not. STI responded by sending a letter on November 28, 2005, which reiterated that STI believed the documents (specifically e-mails) were confidential, but STI did not apply to the Court for a protective order. Thus, per the terms of the protective order, the STI Documents Brighton specified in its November 18 letter—namely K, L, M, and Q—are no longer considered confidential as of fifteen days after November 18, 2005, or December 3, 2005.

---

[1] The November 18, 2005, letter from Brighton's counsel to STI's counsel did not mention a document Bates stamped STI-000197, nor was this document mentioned in a December 13, 2005, letter from Brighton's counsel to STI's counsel. (*See* Def.'s Mem. Ex. 1, 2.) Thus, Brighton did not object to STI-000197 being designated "CONFIDENTIAL," and this document is therefore potentially subject to the protective order.

### 3. Modifying Protective Order

Brighton also argues that if the STI Documents are to be considered confidential, the protective order should be modified to allow Brighton to use the STI Documents in its arbitration proceeding. (Def.'s Mem. at 9-11.) According to Seventh Circuit case law, this Court has the power to modify protective orders in certain instances. "[W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980). *See also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 860-61 (7th Cir. 1994) (applying *Wilk* and modifying protective order to avoid duplicating discovery in other litigation). In this case, whether Brighton would have to duplicate its discovery of the STI Documents in its arbitration proceeding depends on the issues in the arbitration proceeding, which have not been briefed for this Court. Although this Court has discretion to modify protective orders where the benefits of avoiding duplicate discovery outweigh any tangible prejudice, *see, e.g., Wilk*, 635 F.2d at 1299 ("Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order."), we do not decide this issue here because, as discussed above, the STI Documents are no longer confidential.

### B. Laptop Documents

In addition to the STI Documents, Krumwiede argues that Brighton's use of the Laptop Documents in Brighton's arbitration proceeding violates the protective order. (Pl.'s Supplemental

Mem. at 1-2.) Specifically, Krumwiede's counsel stated at oral argument that he had thought that all documents taken from the laptop would be covered by the protective order, presumably regardless of whether those documents were affirmatively designated as "CONFIDENTIAL" according to the protective order. (*See* Tr. of Proceedings, July 31, 2005, at 26-28.)

As stated above, according to the September 16, 2005, stipulation, Forensicon was to deliver directly to Brighton the Laptop Documents that predate April 25, 2005. (Tr. of Proceedings, Sept. 16, 2005, at 6.) Krumwiede knew that Brighton had received documents from the laptop. (*See* Tr. of Proceedings, Aug. 31, 2006, at 26-27.) If Krumwiede wanted to claim that any of these documents was confidential under the protective order, it would have had to properly designate those documents "CONFIDENTIAL." None of the Laptop Documents Brighton used in its arbitration proceeding was Bates stamped, and Krumwiede did not otherwise designate any Laptop Documents as "CONFIDENTIAL" according to the protective order. For this reason, Krumwiede has waived his ability to claim that the Laptop Documents are covered by the protective order.

Moreover, even if the Laptop Documents were covered by the protective order, Krumwiede has no grounds to claim that the Laptop Documents are confidential. As stated above, all of the Laptop Documents at issue in this motion (i.e., exhibits I, J, O, and P) predate April 25, 2005, the date when Krumwiede ceased employment with Brighton and began working for STI. Furthermore, the Laptop Documents remain subject to the September 16, 2005, stipulation, which grants Brighton "full and unimpeded access" to the pre-April 25 documents from the laptop. The Court has no reason to believe that Brighton and Krumwiede were not given exactly the same documents from the laptop or that Forensicon did anything other than

what was expected of it. Because Krumwiede did not designate the Laptop Documents "CONFIDENTIAL" under the protective order, and because Krumwiede has no grounds to claim that the Laptop Documents are confidential, Brighton did not violate the protective order when it attached the Laptop Documents, i.e., exhibits I, J, O, and P, as exhibits to its arbitration proceeding.

### C. "N" Documents

Finally, Krumwiede attached under seal a collection of documents he alleges was confidential and inappropriately attached by Brighton in Brighton's arbitration proceeding. This collection was labeled "N" and is Bates stamped BRI-6235 to 6238. (*See* Pl.'s Mem. Ex. 3.) According to Brighton, Brighton produced this collection of documents in discovery in connection with its arbitration proceeding. (Def.'s Supplemental Mem. ¶2.) Because of the Bates numbers on the documents and the explanation provided by Brighton, we assume that Krumwiede attached the documents as an exhibit in this proceeding in error. Accordingly, this Court treats the "N" documents as not confidential, but grants Krumwiede ten days leave to file an objection to this finding.

### III. Conclusion

Because Brighton did not violate the protective order when it attached the STI Documents

and the Laptop Documents as exhibits to its arbitration proceeding, Brighton has not violated any explicit court order. Thus, Krumwiede's motion to impose sanctions is denied.

**ENTER ORDER:**

Dated: September 12, 2006.

MARTIN C. ASHMAN
United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| SCOTT P. ZOPPOTH, Esq.<br>Scott P. Zoppoth, P.L.L.C.<br>1800 Kentucky Home Life Building<br>239 South Fifth Street<br>Louisville, KY 40202 | MATTHEW F. PREWITT, Esq.<br>GREGORY E. OSTFELD, Esq.<br>Greenberg Traurig, L.L.P.<br>77 West Wacker Drive<br>Suite 2500<br>Chicago, IL 60601 |
| RONALD A. ORNER, Esq.<br>Ronald A. Orner & Associates, Ltd.<br>200 North LaSalle Street<br>Suite 2820<br>Chicago, IL 60601 | |
| Attorneys for Plaintiff | Attorneys for Defendant |