# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES A. KRUMWIEDE, ) | |
| ) | |
| Plaintiff, ) | Case No. 05 C 3003 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Martin C. Ashman |
| BRIGHTON ASSOCIATES, L.L.C., ) | |
| and ISMAEL C. REYES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff, Charles A. Krumwiede, for a new trial or to alter or amend this Court's Memorandum Opinion and Order entered on August 9, 2006 ("August 9 Order"). Defendant, Brighton Associates L.L.C. ("Brighton"), responded by submitting a motion to strike Krumwiede's motion and to enforce this Court's award of fees and costs entered on August 9, 2006. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636©; Local R. 73.1(a). For the reasons set forth below, Krumwiede's motion is denied, and Brighton's motion is denied in part and granted in part.

### I. Background

On May 8, 2006, this Court granted Brighton's Motion for an Award of Sanctions and Related Relief against Krumwiede on the basis of Krumwiede's bad faith spoliation of evidence involving Krumwiede's mishandling files in his laptop computer. In addition to awarding a

default judgment in favor of Brighton on several of Krumwiede's claims, this Court awarded Brighton its costs and fees. (Mem. Op. and Order, May 8, 2006.) Brighton submitted its Petition for Costs and Fees on June 7, 2006, (Dkt. No. 122), and on August 9, 2006, this Court entered the August 9 Order, which granted a "partial final judgement" against Krumwiede in the amount of $111,348.30. (Mem. Op. and Order, Aug. 9, 2006.) In connection with the August 9 Order, Krumwiede argued before the Court that Forensicon, an independent expert engaged to perform forensic analysis on Krumwiede's laptop computer, inappropriately spent 19.5 hours "verifying its own work after the conclusion of the March 16, 2006 evidentiary hearing." (Mem. Op. and Order, Aug. 9, 2006, at 6 (citing Oral Arg., July 31, 2006).) Krumwiede argued that the fees for this time should be excluded from the costs awarded. This Court rejected Krumwiede's argument and pointed out that "only 0.61 hours of Forensicon's . . . work were performed after the evidentiary hearing," (Mem. Op. and Order, Aug. 9, 2006, at 6), which the Court found to be reasonably billed.

On August 21, 2006, Krumwiede filed the instant Motion for New Trial or to Alter or Amend the Memorandum Opinion and Order Entered on August 9, 2006. This motion was not accompanied by a notice of presentment pursuant to Local Rule 5.3. In the instant August 21 motion, Krumwiede referenced "evidence submitted to this Court in Krumwiede's Response to Defendants' Motion for Leave to Submit Supplemental Information on August 14, 2006" as the basis for why this Court should set aside or alter the August 9 Order. (Pl.'s Mem. at 1.) Krumwiede's August 14, 2006 response essentially stated that Krumwiede had "inadvertently state[d]" at oral argument on July 31, 2006 that the 19.5 hours was inappropriately billed by Forensicon after a March 16, 2006 evidentiary hearing involving Krumwiede's computer. (Pl.'s

Resp., Aug. 14, 2006, at 1.) According to Krumwiede's August 14 response, Krumwiede had intended to state that the 19.5 Forensicon hours was inappropriately billed after Scott Jones, a Forensicon employee, had prepared his report and appeared at his deposition. (Pl.'s Resp., Aug. 14, 2006, at 1.) This 19.5 hours, Krumwiede suggests, was inappropriately billed because Jones had testified at his deposition that his March 1, 2006 report would be final and would not be changed, and the 19.5 hours was time Jones spent conducting additional forensic analysis after March 1. (Pl.'s Mem. at 2.)

Krumwiede argues that he is entitled under Federal Rule of Civil Procedure 59(a) and (e) to a new trial or to have the Court alter or amend the August 9 Order. Brighton responds by urging the Court to reject Krumwiede's motion because Krumwiede's motion was not accompanied by a notice of presentment, as required by Local Rule 5.3, and to reject Krumwiede's motion based on its lack of merit.

## II. Discussion

### A. Local Rule 5.3

Brighton initially argues that this Court should strike Krumwiede's motion because Krumwiede failed to accompany his motion with a notice of presentment. (Def.'s Mem. at 2.) Local Rule 5.3 requires "[e]very motion or objection [to be] accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented." Local R. 5.3. Where a party fails to comply with Local Rule 5.3 this Court has the discretion to dismiss the motion. *Cf. Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001) (finding that the district court abused its discretion

because "the appropriate sanction [for failure of presentment] would have been no sanction" where no judge had been appointed to rule on the motion). As the court in *Goss Graphics Systems* noted, the purpose of the presentment rule is so that the judge will "know the motion has been filed and can dispose of it expeditiously." *Id.*

In this case, the Court was aware of Krumwiede's motion at the time it was filed. Also, Brighton was similarly aware of the motion, as is evident from Brighton's filing a nine-page memorandum with an exhibit on August 24, 2006, just three days after Krumwiede's motion was filed. Because all involved had adequate notice of the filing of Krumwiede's motion, Krumwiede's violation of Local Rule 5.3 was "completely harmless." *Id.* For this reason, this Court declines to strike Krumwiede's motion and denies Brighton's motion to strike based on Local Rule 5.3.

### B. New Trial or Alter or Amend Judgment

Krumwiede argues that this Court should grant him a new trial pursuant to Federal Rule of Civil Procedure 59(a) ("Rule 59(a)"), or that this Court should alter or amend the August 9 Order pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). In Krumwiede's scant brief, he suggests that the August 9 Opinion "should be set aside, altered or amended" based on evidence he submitted in his August 14, 2006 Response to Defendant's Motion for Leave to Submit Supplemental Information. (Pl.'s Mem. at 1.) As outlined above, Krumwiede's August 14 response stated that he had mistakenly argued that the 19.5 hours billed by Forensicon was billed after the March 16 evidentiary hearing, rather than arguing that Forensicon billed the 19.5 hours after Jones purportedly completed his final report on March 1. (Pl.'s Resp., Aug. 14,

because "the appropriate sanction [for failure of presentment] would have been no sanction" where no judge had been appointed to rule on the motion). As the court in *Goss Graphics Systems* noted, the purpose of the presentment rule is so that the judge will "know the motion has been filed and can dispose of it expeditiously." *Id.*

In this case, the Court was aware of Krumwiede's motion at the time it was filed. Also, Brighton was similarly aware of the motion, as is evident from Brighton's filing a nine-page memorandum with an exhibit on August 24, 2006, just three days after Krumwiede's motion was filed. Because all involved had adequate notice of the filing of Krumwiede's motion, Krumwiede's violation of Local Rule 5.3 was "completely harmless." *Id.* For this reason, this Court declines to strike Krumwiede's motion and denies Brighton's motion to strike based on Local Rule 5.3.

### B. New Trial or Alter or Amend Judgment

Krumwiede argues that this Court should grant him a new trial pursuant to Federal Rule of Civil Procedure 59(a) ("Rule 59(a)"), or that this Court should alter or amend the August 9 Order pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). In Krumwiede's scant brief, he suggests that the August 9 Opinion "should be set aside, altered or amended" based on evidence he submitted in his August 14, 2006 Response to Defendant's Motion for Leave to Submit Supplemental Information. (Pl.'s Mem. at 1.) As outlined above, Krumwiede's August 14 response stated that he had mistakenly argued that the 19.5 hours billed by Forensicon was billed after the March 16 evidentiary hearing, rather than arguing that Forensicon billed the 19.5 hours after Jones purportedly completed his final report on March 1. (Pl.'s Resp., Aug. 14,

because "the appropriate sanction [for failure of presentment] would have been no sanction" where no judge had been appointed to rule on the motion). As the court in *Goss Graphics Systems* noted, the purpose of the presentment rule is so that the judge will "know the motion has been filed and can dispose of it expeditiously." *Id.*

In this case, the Court was aware of Krumwiede's motion at the time it was filed. Also, Brighton was similarly aware of the motion, as is evident from Brighton's filing a nine-page memorandum with an exhibit on August 24, 2006, just three days after Krumwiede's motion was filed. Because all involved had adequate notice of the filing of Krumwiede's motion, Krumwiede's violation of Local Rule 5.3 was "completely harmless." *Id.* For this reason, this Court declines to strike Krumwiede's motion and denies Brighton's motion to strike based on Local Rule 5.3.

### B. New Trial or Alter or Amend Judgment

Krumwiede argues that this Court should grant him a new trial pursuant to Federal Rule of Civil Procedure 59(a) ("Rule 59(a)"), or that this Court should alter or amend the August 9 Order pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). In Krumwiede's scant brief, he suggests that the August 9 Opinion "should be set aside, altered or amended" based on evidence he submitted in his August 14, 2006 Response to Defendant's Motion for Leave to Submit Supplemental Information. (Pl.'s Mem. at 1.) As outlined above, Krumwiede's August 14 response stated that he had mistakenly argued that the 19.5 hours billed by Forensicon was billed after the March 16 evidentiary hearing, rather than arguing that Forensicon billed the 19.5 hours after Jones purportedly completed his final report on March 1. (Pl.'s Resp., Aug. 14,

2006, at 1.) Krumwiede's August 14 response also attached a copy of a Forensicon invoice detailing Jones's work billed. (Pl.'s Resp., Aug. 14, 2006, Ex.)

1. Rule 59(a)–New Trial

Rule 59(a) allows the Court to grant a party a new trial "where new trials have been traditionally allowed at law." *ABM Mktg., Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 543 (7th Cir. 2003) (citing Fed. R. Civ. P. 59(a)). More specifically, the Seventh Circuit has stated repeatedly that a court should grant a motion for a new trial "only if the verdict is against the manifest weight of the evidence." *ABM Mktg., Inc.*, 353 F.3d at 545. *See also Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 569 (7th Cir. 2004) ("[A] motion for a new trial should succeed [o]nly when a verdict is contrary to the manifest weight of the evidence.") (quoting *Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 921 (7th Cir. 2002)).

In this case, Krumwiede argues that the Court's awarding costs to Brighton for 19.5 hours of Forensicon work after Jones completed his March 1 report is against the manifest weight of the evidence. It is not. Brighton has explained in its brief and at oral argument that Jones needed to prepare for his examination at the March 16 hearing. (Def.'s Mem. at 7; Oral Arg., Sept. 6, 2006.) Also, Brighton has stated that Jones supplemented his report–requiring additional forensic analysis–in response to a question asked by Krumwiede's counsel at Jones's deposition. (Def.'s Mem. at 7; Oral Arg., Sept. 6, 2006.) Krumwiede's argument is essentially that, because Jones stated at his deposition that the report was final and would not be changed prior to the evidentiary hearing, the Court's August 9 Opinion is against the manifest weight of the evidence. (*See* Pl.'s Mem. at 2.) In light of the dearth of evidence as to why the 19.5 hours should not have

been billed (e.g., that Forensicon did not actually perform any work during those hours), and in light of Brighton's reasonable explanation for the time Forensicon billed, the Court is convinced that the 19.5 hours was spent on appropriate litigation-related activities. Thus, the August 9 Order is not against the manifest weight of the evidence, and the Court rejects Krumwiede's motion for a new trial under Rule 59(a).

2. Rule 59(e)–Alter or Amend Judgment

Under Rule 59(e), the Court may alter or amend a judgment "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (citing *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). A party may not use Rule 59(e) to "advance arguments or theories that could and should have been made before the district court rendered a judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)).

Here, Krumwiede is attempting to use Rule 59(e) to advance an argument that he raised in connection with the Court's August 9 Order. Then, as now, he argued that Forensicon inappropriately billed the 19.5 hours. While it is true that Krumwiede advances a different argument now than he did before, his previous argument existed prior to the August 9 Opinion. In other words, Krumwiede points to no new evidence, and he could have advanced his present argument long ago–Forensicon's invoice has existed since March 2006, and this invoice was readily available at the time of the August 9 Opinion. The fact that Krumwiede's counsel misstated the thrust of his argument–that the time was billed after the March 16 evidentiary

hearing rather than after the March 1 report–is of little moment. Krumwiede could have and should have raised that argument before, and he cannot use Rule 59(e) to end-run the August 9 Order. Furthermore, Krumwiede has not pointed to anything in the record that would indicate a manifest error of law or fact. Because Krumwiede has presented no new evidence that was previously unavailable to the Court, and because he has not shown evidence in the record of a manifest error of law or fact, the Court denies Krumwiede's Rule 59(e) Motion to Alter or Amend the Memorandum Opinion and Order Entered on August 9, 2006.

### C. Immediate Payment of Sanctions

Brighton urges this Court to order Krumwiede to pay the amount of the sanctions immediately. (Def.'s Mem. at 7-9.) In response, Krumwiede argues that the Court should exercise its discretion to defer requiring Krumwiede to pay the $111,348.30 until the conclusion of the case. (Oral Arg., Sept. 6, 2006.) Seventh Circuit case law states that the immediate payment of sanctions is the cost a party must bear in order to advance the litigation. *See Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1057 (7th Cir. 1998) ("[W]hen a party or its counsel are sanctioned in the course of litigation, immediate payment of the sanction is the cost the two must bear for the privilege of continuing to litigate. The propriety of the sanction may then be challenged on appeal . . . ."). At the same time, the Court has discretion regarding whether it is appropriate to defer payment of the sanction until the litigation's end or to bifurcate payment, particularly if the financial resources of the sanctioned party warrant. *See Kucala Enters., LTD v. Auto Wax Co.*, No. 02-C-1403, 2004 WL 742252, at *2-*3 (N.D. Ill. Apr. 6, 2004).

In this case, Krumwiede was ordered on August 9, 2006, in the August 9 Opinion, to pay Brighton $111,348.30. Instead of tendering payment, Krumwiede filed the instant motion and asked the Court at oral argument to defer payment until the end of trial or to bifurcate payment. While this Court does have the discretion to defer or bifurcate payment, Krumwiede has made no attempt–beyond bare assertions during oral argument that Krumwiede might not be able to pay the costs at this time–to show why a deferral or bifurcation would be appropriate. Krumwiede has made no showing that he may be financially unable to pay the sanctions and has presented no evidence on this point whatsoever. Furthermore, because this issue is in the Court's discretion, the Court must also consider other factors that are at play. Specifically, the sanctions arise out of intentional misconduct by Krumwiede–spoliation of evidence–and this misconduct resulted in Brighton's having to expend significant resources to defend its suit. Brighton has already paid these expenditures, and it is appropriate that Krumwiede pay Brighton immediately in order to avoid further unnecessary burden on Brighton. *See Kucala Enters.*, 2004 WL 742252, at *3 ("This case is not only about hardship to Kucala; the court must also measure the unnecessary cost and delay, which has been substantial, imposed on the victim of Kucala's conduct."). For these reasons, the Court orders Krumwiede to pay Brighton the $111,348.30 within 30 days. If he does not, the remainder of his pleadings will be stricken.

### III. Conclusion

For the foregoing reasons, the Court denies Krumwiede's motion for a new trial and to

alter or amend the Memorandum Opinion and Order of August 9, 2006. The Court orders

Krumwiede to pay the amount of the sanctions within 30 days.

**ENTER ORDER:**

_[signature]_
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: September 20, 2006.

Copies have been mailed to:

| | |
|---|---|
| SCOTT P. ZOPPOTH, Esq.<br>Scott P. Zoppoth, P.L.L.C.<br>1800 Kentucky Home Life Building<br>239 South Fifth Street<br>Louisville, KY 40202 | MATTHEW F. PREWITT, Esq.<br>GREGORY E. OSTFELD, Esq.<br>Greenberg Traurig, L.L.P.<br>77 West Wacker Drive<br>Suite 2500<br>Chicago, IL 60601 |
| RONALD A. ORNER, Esq.<br>Ronald A. Orner & Associates, Ltd.<br>200 North LaSalle Street<br>Suite 2820<br>Chicago, IL 60601 | |
| Attorneys for Plaintiff | Attorneys for Defendant |